UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE GILMORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1100** |
| **KENNER PLAZA SHOPPING CENTER, LLC.** | **SECTION: "G"** |

## ORDER

Before the Court is Defendant Kenner Plaza Shopping Center, LLC's ("Defendant") "Motion to Set Aside Entry of Default."[1] The motion was noticed for submission on June 29, 2022. Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[2] Thus, Plaintiff's opposition was due on June 21, 2022. To date, Plaintiff has not filed a motion, and therefore the motion is deemed unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[3]

Federal Rule of Civil Procedure 55(c) states that federal district courts "may set aside any entry of default for good cause." When determining whether good cause exists to set aside an entry of default, "the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[4] The Fifth

---

[1] Rec. Doc. 7.

[2] EDLA Local Rule 7.5.

[3] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir. 1993).

[4] *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 545 (5th Cir. 2014) (internal citations omitted).

1

Circuit has emphasized that "[d]efault judgments are a drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations."[5]

Here, the Court finds that good cause exists to set aside the preliminary entry of default against Defendant. Under the first factor, the Court finds that Defendant's default was not willful. Defendant represents that although Plaintiff attempted to serve Defendant through its registered agent Jay Harris on May 2, 2022, Mr. Harris has not been employed by Defendant for about one year and Defendant was not aware that Mr. Harris was still listed as its registered agent.[6] Defendant represents that it appeared immediately in the case upon receiving written notice of the entry of default.[7] Moreover, Plaintiff has not opposed the instant motion and thus has not explained how it would be prejudiced if the Court were to set aside the entry of default. Finally, neither party addresses whether a meritorious defense is presented. Considering these factors, in addition to the Fifth Circuit's guidance that default judgments are a "drastic remedy,"

**IT IS HEREBY ORDERED** that Defendant's "Motion to Set Aside Entry of Default"[8] is **GRANTED**. The Clerk of Court's Preliminary Entry of Default[9] is **SET ASIDE**.

**NEW ORLEANS, LOUISIANA,** this 29th day of June, 2022.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[5] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[6] Rec. Doc. 7 at 2.

[7] *Id.* at 2.

[8] Rec. Doc. 7.

[9] Rec. Doc. 6.